Luis Javier Cruz **FLORES,**
et al., Plaintiffs,

v.

**STARWOOD HOTELS & RESORTS WORLDWIDE, INC., et al.,
Defendants.**

**Case No. SACV 14–01093 AG (ANx)**

United States District Court,
C.D. California.

Signed May 19, 2017

Ana, CA, Matthew B. Butler, The Butler Firm, Michael Gabriel Olinik, The Law Office of Michael G. Olinik, San Diego, CA, for Plaintiffs.

Kirstin E. Muller, Benjamin J. Treger, Sayaka Karitani, Hirschfeld Kraemer LLP, Santa Monica, CA, for Defendants.

## ORDER REGARDING APPROVAL OF SETTLEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT OF 2004

Andrew J. Guilford, United States District Judge

The parties jointly ask the Court to approve the settlement of plaintiffs' claims under the Labor Code Private Attorneys General Act of 2004 ("PAGA" or "the Act"), *see* Cal. Lab. Code § 2698 *et seq.* The Court has, to the extent possible, reviewed the parties' motion and concludes that their settlement provides adequate relief consistent with the public interest. The Court therefore APPROVES the PAGA settlement, as modified below. But PAGA has grown in significance under California law, and further growth looms on the horizon. The Court therefore reviews some important issues here.

*First*, Section 2699(*l*)(2) of the California Labor Code says that the "court shall review and approve any settlement of any civil action filed" under PAGA. But aside from that bland mandate, the Act is surprisingly short on specifics. What, then, is the appropriate standard for approval of such a settlement? The parties in this case were at a loss to provide any particulars. And what's worse, neither the California legislature, nor the California Supreme Court, nor the California Courts of Appeal, nor the California Labor & Workforce Development Agency ("LWDA") has provided any definitive answer to this vexing question. Federal district courts, sitting in di-

Dennis Dascanio, W. Isaac Maing, Law Offices of Dennis A. Dascanio APC, Santa

versity, have often been left to their own devices in this area of great importance to the citizens of California. *See O'Connor v. Uber Techs., Inc.*, 201 F.Supp.3d 1110, 1132–35 (N.D. Cal. 2016) (attempting to discern whether a PAGA settlement was "fair and adequate in view of the purposes and policies of the statute").

▇▇▇ *Second*, the "fair, adequate, and reasonable" standard of Federal Rule of Civil Procedure 23(e) isn't particularly apt where, as here, there's no class action settlement in the mix. As both the California Supreme Court and the Ninth Circuit have suggested, a PAGA representative action is not akin to a class action. *Cf. Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014) (concluding, in an analogous context, that Federal Rule of Civil Procedure 23 and PAGA are "more dissimilar than alike" because "[a] PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief"). Indeed, a PAGA representative action is a species of *qui tam* action. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 429–30 (9th Cir. 2015); *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348, 382, 173 Cal.Rptr.3d 289, 327 P.3d 129 (2014). The Act was intended to "supplement enforcement actions by public agencies ... [that] lack adequate resources to bring all such actions themselves." *Arias v. Superior Court*, 46 Cal.4th 969, 986, 95 Cal.Rptr.3d 588, 209 P.3d 923 (2009). As such, an aggrieved employee suing under PAGA "does so as the proxy or agent of the state's labor law enforcement agencies" and, for that reason, "a judgment in that action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government." *Id.* So while a stand-alone PAGA claim might not present, say, due process concerns regarding absent class members, every PAGA claim, in truth, has broader implications regarding representa-

tive democracy and governmental accountability.

*Third*, given the dearth of guidance or legal standards, this Court has often voiced concerns regarding the approval of PAGA settlements. For instance, the Court has frequently wondered:

- What is the standard for adequacy of notice to the LWDA?

- What form of notice, if any, should be provided to nonparty aggrieved employees?

- What are the requirements, if any, for an open and public hearing regarding the review and approval of a proposed settlement?

- What is the scope of the Court's review in approving or denying a proposed settlement?

- What are the limits of appellate scrutiny concerning an approved or rejected PAGA settlement?

- What is the extent of the Court's duty to ensure that the parties' proposed PAGA penalties are reasonable, either in isolation or as a fraction of the estimated verdict value?

- What is the extent of the Court's duty to ensure that the proposed settlement furthers the public interest, deters violations of the California Labor Code, and protects nonparty employees from unlawful working conditions?

- What is the extent of the Court's duty to independently inquire into whether the settlement was a product of collusion between counsel?

Questions abound.

▇▇▇ *Fourth*, the parties in this matter have left the Court with more questions than answers. After reviewing the papers, this Court voiced many of the concerns just described and ordered the parties to show cause why their PAGA settlement

should be approved. (Order, Dkt. No. 129 at 3.) Although defense counsel offered some minor insights, plaintiffs' counsel failed to appear at the January 23, 2017 hearing and has since made no effort to respond to the Court's order to show cause. (Civil Minutes, Dkt. No. 130.) Still, after reviewing the record and existing case law, the Court is satisfied that the parties' settlement is "fair and adequate in view of the purposes and policies of the statute." *See O'Connor*, 201 F.Supp.3d at 1135. Among other things, the parties have adequately divvied up the civil penalties under Section 2699(i) of the California Labor Code. (Mot., Dkt. No. 127–1 at 3–5.) Accordingly, the Court APPROVES the parties' PAGA settlement, subject to one modification. In part because plaintiffs' counsel failed to comply with court orders and failed to appear at the hearing, the Court exercises its discretion to increase the total amount of PAGA civil penalties due to the individual plaintiffs and the LWDA by one-third. The difference shall be drawn entirely from plaintiffs' counsel's attorney fees, and shall in no way affect defendants' obligations under the settlement or reduce the individual plaintiffs' recovery.